■ In the Matter of CITY OF NEW YORK, Appellant, Relative to Acquiring Title to Real Property, Within the Block Bounded by West 134th Street, and Other Streets in the Borough of Manhattan, as a Site for Public School 92, and Recreational Purposes. BERSIR REALTY CORP. et al., Respondents.—Final decree appealed from insofar as it makes awards for six damage parcels, unanimously modified, on the law and the facts, to the extent of reducing the award made for Damage Parcels 16–17 to the sum of $21,000 and, as so modified, is otherwise affirmed, with $50 costs to the respondents in the appeals on Damage Parcels 7, 8, 9, 11, 13 and 21, and to the appellant on the appeal on Damage Parcels 16–17, and without costs in the appeal on Damage Parcel 25, the respondent having filed no brief. We modify the decree only to the extent of reducing the award made for Damage Parcels 16–17 from $27,000 to $21,000. We reach this reduced amount by utilizing the capitalization method of computation — the method adopted by claimant's expert. We credit the claimant with the highest amount of gross income allowable on this parcel, namely, $5,900. As against that we also give it the benefit of expenses at the lowest figure testified to, namely, $4,000. That would leave a net income of $1,900 to be capitalized. Applying the capitalization rate as testified to by claimant's expert, namely, 6% on the land and 13% on the building, we arrive at the figure of $21,000. That is the maximum that should be allowed for these parcels. With respect to the other parcels involved on this appeal, the appellant has failed to show in what respect, if any, the trial court was in error in arriving at the final result. Consequently, we affirm those determinations. We note that there were no findings made by Special Term which would indicate how it arrived at its results. It would be most desirable if, in making condemnation awards, the court make findings setting forth the bases upon which it relies. If, for example, the capitalization method be used, the court should set forth its findings with respect to the different factors that it considered in arriving at the final amount to be paid. Among these would be the gross income, the total expenses chargeable to income and the rate of capitalization. Such findings would make for a sounder basis for appellate review. Settle order on notice. Concur — Breitel, J. P., Rabin, McNally, Stevens and Steuer, JJ.